57 CCPA

**B. T. BABBITT, INC., Appellant,**

**v.**

**PHILLIPS–VAN HEUSEN CORPORATION, Appellee.**

**Patent Appeal No. 8221.**

United States Court of Customs
and Patent Appeals.

Dec. 31, 1969.

Seidel & Gonda, Edward C. Gonda, Philadelphia, Pa., attorneys of record, for appellant.

Eric Y. Munson, New York City, for appellee.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and RAO, Chief Judge, sitting by designation.

RICH, Acting Chief Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, 153 USPQ 863, dismissing two oppositions consolidated for trial, Nos. 45,513 and 45,514. The first was against the Phillips-Van Heusen Corporation's application serial No. 215,259, filed March 29, 1965, to register VANA-PRESS for men's shirts, cuffs, collars, pajamas, sports shirts, underwear, knit shirts, and slacks, first use claimed on July 3, 1962. The second was against appellee's application serial No. 215,260, filed March 29, 1965, to register VANO-PRESS for the identical goods, claiming first use on March 2, 1965.

Appellee concedes to appellant priority in the use and registration [1] of VANO as a trademark for household cleaner, liquid and powder form laundry starch, clothing and household bleach, fabric fluffer, laundry starch in spray form, fabric finishes, and ironing aids.

■ In a concise opinion, the board reached the conclusion that confusion, mistake, or deception (15 U.S.C. § 1052 (d)) was "not at all likely" in view of the cumulative differences in the marks as a whole and the goods to which they are respectively applied. We affirm.

■ Appellant-opposer contends its mark is arbitrary and hence entitled to broad protection and that the law requires all doubts to be resolved against the newcomer. We agree with these propositions but consider them inapplicable to the facts of this case. The board apparently had no doubts, nor do we. VANOPRESS is not altogether arbitrary when it is considered that it is a Van Heusen mark and applied to clothing which requires no pressing. It is highly suggestive and obviously related to its owner's name. The fact that VANO may be entirely arbitrary does not alter these facts.[2]

Appellant makes a number of arguments directed to showing that the goods, though clothing on the one hand and chemical products on the other, are really quite closely related. One is that both parties used a Chinese laundryman theme in TV commercials to emphasize no ironing on the one hand and ironing

1. No. 392,176, Dec. 16, 1941, "Vano"
   No. 634,513, Sept. 18, 1956, "VANO"
   No. 643,786, Apr. 9, 1957, "Vano" and ribbon design
   No. 705,788, Oct. 18, 1960, "VANO"
   No. 726,631, Jan. 23, 1962, "VANO"
   No. 759,875, Nov. 12, 1963, "Vano" and little girl design

2. Appellee makes the counter suggestion that VANO was probably selected "because of its meaning in Italian, which is: I vanish." This, according to our Italian dictionaries, appears to be untrue. The verb for vanish is "svanire."

aids on the other. We are not persuaded by this that the public would assume common origin for shirts and starch, etc. The evidence appears to demonstrate that applicant-appellee's shirts have a permanent press by reason of the composition of the textile fabric and a special pressing technique on special equipment and not by reason of any chemical finishing agent applied to the fabric.

Though it is possible for appellant to argue in the abstract that appellee's

mark VANOPRESS is nothing but its mark VANO with "press" added thereto, there is nothing to show that the mark was actually created in that fashion or that any ulterior motive is involved.

The VANAPRESS mark is clearly even less likely to cause confusion.[3]

Finding, as we do, that the oppositions were properly dismissed, the decision of the board is affirmed.

Affirmed.

3. The board opinion, in footnote 2, has called attention to the need to reexamine the VANAPRESS application since the evidence shows this mark to have been used only on slacks, even that use having been discontinued in 1965. Also, it appears that VANOPRESS was not used on slacks and perhaps not for cuffs and collars, wherefore it likewise requires reexamination. These matters are beyond our jurisdiction and are mentioned only to assure that they are not overlooked.